In the Matter of the CITY OF NEW YORK, Acting for and on Behalf of the New York City Housing Authority, Relative to Acquiring Title to Real Property in the Borough of Manhattan, for Additions to the GOVERNOR ALFRED E. SMITH HOUSES.

Supreme Court, Special Term, New York County, December 21, 1948.

*John P. McGrath, Corporation Counsel* (*Saul L. Cohen* and *Gerald Davis* of counsel), and *Gerald J. Carey* for the City of New York, acting for New York City Housing Authority, petitioner.

*Benjamin Bomrind* for Sarah Cohen, respondent.

EDER, J. Application of the City of New York, acting for and on behalf of the New York City Housing Authority, for an order in the nature of a writ of assistance, for the removal of certain tenants occupying store space in structures which the housing authority has acquired for the purpose of relocating tenants occupying residential space in the area whereon is to be erected the Governor Alfred E. Smith Houses.

The court is advised that the present plans of the authority call for the alteration and rehabilitation of these premises and provide for stores on the street level and apartments on upper floors in some parcels.

As a result of the efforts of the court the tenant storekeepers, who appeared on this motion, with one exception, agreed to enter into a stipulation to vacate their premises by December 31, 1948, if the authority would give them first choice in the renting of comparable store space in their respective buildings, it being understood that the authority might change the plans and that there would be no such store space.

Stipulations have now been submitted by these tenants to the effect that this motion may be granted on consent, but that execution of the order to be entered hereon shall be stayed up to and including December 31, 1948. The motion as to these tenants, who are six in number, is granted, in accordance with such stipulation. As to the five tenants who have defaulted on this motion, the motion is granted, with a provision in the order to be entered hereon, to contain a similar stay of execution.

The remaining tenant, Sarah Cohen, appeared by counsel, who has submitted an answering affidavit and argued the motion. The court is advised that Mrs. Cohen is in the unfortunate and distressing position of occupying store space in a building wherein the authority has not planned to have store space.

The court endeavored to have the authority give this tenant a preference in one of the stores to be in the other damage parcels,

but counsel for the authority was unable to acquiesce because one of the present tenants in these structures operates a similar business and the authority does not desire that there be competing storekeepers in the same building.

Counsel for said tenant argues, however, that his client and the city entered upon a landlord and tenant relationship because the city has been accepting rent from said tenant and, therefore, the tenant is entitled to the protection of the emergency Business Rent Law (L. 1945, ch. 314, as amd.).

Although not argued orally, his brief makes the point that there is no authority in law for the taking away of store space for the purpose of relocating residential tenants from a different area where a project is being erected.

I am of the view that this premise cannot be sustained. Section 127 of the Public Housing Law, entitled "Temporary use or occupation of property taken by condemnation", provides that when title to property has vested in a municipality or an authority by purchase or in condemnation proceedings, the municipality or the authority, whichever has acquired title of the property involved, may agree with the previous owners of such property, or any tenants continuing to occupy or use it, or any other persons who may occupy or use or seek to occupy or use such property, that they may occupy or use such property upon the payment of a fixed sum of money for a definite term or upon the payment periodically of an agreed sum of money.

This statute, however, further provides: "Such occupation or use shall not be construed as a tenancy from month to month, nor to require the giving of notice by the municipality or authority, whichever has acquired title, for the termination of such occupation or use or the right to such occupation or use, but immediately upon the expiration of the term for which payment has been made the municipality or authority, as the case may be, shall be entitled to possession of the property and may maintain summary proceedings, obtain a writ of assistance, and shall be entitled to such other remedy as may be provided by law for obtaining immediate possession thereof."

In view of this explicit language and legislative intent, it must follow that the emergency Business Rent Law is without application to the instant situation, and the contention to the contrary is held to be untenable.

As to the tenant Sarah Cohen, the motion is, therefore, also granted as to her, but execution of the order to be entered hereon will be stayed until and including January 31, 1949. Settle order.